**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| NGAN LE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY, LTD.;<br>DOES 1 THROUGH 20, DOE AGENCIES 1<br>THROUGH 20 AND ROE CORPORATIONS<br>1 THROUGH 20, INCLUSIVE,<br><br>　　　　　Defendants. | Case No. 2: 14-cv-00747-APG-CWH<br><br>**ORDER ON PARTIAL MOTION TO DISMISS**<br><br>(Dkt. # 4) |

Plaintiff Ngan Le was injured in a vehicle collision with an underinsured motorist.[1] At the time of the accident, Le was insured by defendant Sentinel Insurance Company for underinsured motorist coverage. Le requested payment of his underinsured motorist benefits, but Sentinel refused. Le brought this lawsuit asserting claims for (1) breach of contract, (2) violation of Nevada's Unfair Claims Practice Act, (3) bad faith, (4) breach of fiduciary duty, and (5) punitive damages.

Sentinel now moves to dismiss Le's complaint. Sentinel argues Le has not alleged sufficient facts to make his extra-contractual claims plausible. Sentinel also argues that Nevada does not recognize claims for an insurer's breach of fiduciary duty.

After eliminating the complaint's conclusory legal statements, no facts remain to support any of Le's extra-contractual causes of action. I therefore dismiss Le second cause of action for statutory violations, third cause of action for bad faith, fourth cause of action for breach of fiduciary duty, and fifth cause of action for punitive damages.

---

[1] These facts are derived from Le's complaint. I assume they are true for purposes of this motion. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

## I. DISCUSSION

### A. Legal Standard—Motion to Dismiss

A complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[2] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[3] "Factual allegations must be enough to rise above the speculative level."[4] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[5]

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.[6] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[7] Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[8] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the Defendant is liable for the alleged misconduct.[9] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the

---

[2] Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555.

[3] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[4] *Twombly*, 550 U.S. at 555.

[5] *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

[6] *Id*. at 1950.

[7] *Id*. at 1949.

[8] *Id*. at 1950.

[9] *Id*. at 1949.

pleader is entitled to relief."[10]  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.[11]

**B. Analysis**

    **i.  Violation of the Nevada Unfair Claims Practices Act**

Le fails to allege any facts in support of his unfair claims practice cause of action.[12]  He merely states that "defendants actions were in violation of provisions of the Unfair Claims Practices Act" and that defendants "denied the benefits with a conscious disregard for the rights of Plaintiff."[13]  These are conclusory legal statements which I must disregard for purposes of a motion to dismiss.  Once these conclusory statements are excised from the complaint, no allegations remain to support the unfair practice claim.[14]

Le argues that his conclusory allegations are sufficient because he needs discovery to locate facts to support his claim.  But the Supreme Court has foreclosed this argument.  "Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[15]  If Le is unaware of sufficient facts to properly allege a claim, he cannot plead it.[16]

Le has failed to allege any facts in his complaint which make plausible his second cause of action for violation of the Nevada Unfair Claim Practices act.  This claim is dismissed.

---

[10] *Id*. (internal quotation marks omitted).

[11] *Twombly*, 550 U.S. at 570.

[12] Moreover, Le failed to identify which sections of the unfair claims practices act Sentinel allegedly violated.  Courts frequently dismiss complaints that fail to identify which portion of the unfair claims practices act is alleged to have been violated. *See, e.g.*, *McKinnon v. Hartford Ins. Co. of the Midwest*, Case No. 2:12-cv-1809, 2013 WL 1088702 (D. Nev. March 14, 2013.)

[13] (Dkt. #1-6 at 13-14.)

[14] Le does identify some potential allegations that could form the basis of an unfair practices claim—such as that Sentinel failed to provide a reason for its benefits denial—but these allegations were provided in Le's brief, not in his complaint.

[15] *Iqbal,* 556 U.S. at 678-679.

[16] *Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 602 (E.D. Cal. 2013) ("Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial.") (quotation omitted).

### ii. Bad faith

In Nevada, as in other states, there is a special implied covenant of good faith and fair dealing between an insurer and insured.[17] "The law, not the insurance contract, imposes this covenant on insurers."[18] Breach of this implied covenant constitutes tortious bad faith.[19] To prove bad faith, a plaintiff must show the insurer had an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the [insurance] policy."[20]

The sum of Le's relevant allegations is that he was involved in an accident, Sentinel issued his policy, Le requested that Sentinel pay out benefits, and Sentinel has not yet paid benefits.[21] These allegations do not demonstrate whether Sentinel had actual or implied knowledge that its delay in paying out benefits is unreasonable.[22] If merely pleading a breach of contract were sufficient to plead a bad faith claim, there would be no distinction between the two.

Le also argues that this cause of action includes his claim for contractual breach of the implied covenant of good faith and fair dealing. To the extent Le meant to claim contractual bad faith, he has not provided any facts in support of such a claim. A contractual breach of the implied covenant occurs when the terms of a contract are literally complied with, but the defendant takes some action to deprive the plaintiff of his benefit.[23] Le has not alleged that

---

[17] *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev.2009).

[18] *Id.*

[19] *Id.*

[20] *Id. see also Am. Excess Ins. Co. v. MGM,* 102 Nev. 601, 605, 729 P.2d 1352, 1354–55 (1986).

[21] (Dkt. #1-6 at 11-13.)

[22] *See Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Insurance Co.,* 863 F.Supp. 1237, 1244 (D.Nev.1994); *Ming Chu Wun v. N. Am. Co. for Life & Health Ins.*, No. 2:11-CV-00760-KJD, 2012 WL 893750, at *4 (D. Nev. Mar. 15, 2012).

[23] *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.,* 107 Nev. 226, 808 P.2d 919, 922–23 & n. 6 (Nev.1991).

Sentinel complied with the contract—a necessarily element to a contractual breach of the implied covenant.[24] He has only alleged the opposite: that Sentinel breached its contract.[25]

I therefore dismiss Le's third cause of action for breach of the covenant of good faith—whether sounding in tort or contract.

### iii. Breach of fiduciary duties

Nevada law does not recognize a separate "breach of fiduciary duty" claim by an insured against an insurer.[26] Even if Nevada recognized this sort of claim, Le has not alleged any facts to support it. I therefore dismiss Le's fourth cause of action for breach of fiduciary duty.

### iv. Punitive damages

Punitive damages are a form of relief, not a cause of action.[27] Further, Le's allegations are insufficient to support his demand for punitive damages. NRS § 42.005(1) allows punitive damages "in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." Courts have frequently noted that is "a difficult task" to meet the punitive damages standard in Nevada.[28] Le has provided no facts to support an allegation that defendants carried out oppression, fraud, or malice.[29]

---

[24] *Id.*

[25] *Romm v. Hartford Ins. Co. of the Midwest*, No. 2:12-CV-01412-RCJ, 2012 WL 4747137, at *3 (D. Nev. Oct. 2, 2012) (dismissing contractual bad faith claim where a plaintiff did not make supporting allegations that the defendant complied with the contract).

[26] *See, e.g., Desert Palace, Inc. v. Ace American Ins. Co.,* 2011 WL 810235 at *4 (D. Nev. Mar. 2, 2011) ("Nevada treats a breach of the fiduciary nature of the insurer-insured relationship [as] part of the duty of good faith and fair dealing, not a separate tort claim. . . . Nevada does not recognize breach of fiduciary duty claims alleged against an insurer by its insured.") (quotations omitted); *Romm v. Hartford Ins. Co. of the Midwest,* No. 2:12-CV-01412-RCJ, 2012 WL 4747137, at *4 (D. Nev. Oct. 2, 2012)

[27] *Lund v. J.C. Penny Outlet*, 911 F.Supp. 442, 445 (D.Nev.1996); *Patterson v. Grimm*, No. 2:10-CV-1292 JCM RJJ, 2010 WL 4395419, at *7 (D. Nev. Nov. 1, 2010).

[28] *See McCaa v. Mass. Mut. Life Ins. Co.,* 330 F.Supp.2d 1143, 1149 (D. Nev. 2004); *see also Pioneer Chlor Alkali Co., Inc.*, 863 F.Supp. 1237, 1251 (D. Nev. 1994).

[29] *Palace, Inc. v. Ace American Ins. Co.,* 2011 WL 810235 at *5 (D. Nev. Mar. 2, 2011) (defining fraud oppression and malice).

Because it is not a proper cause of action and there are no facts pleaded in support, I dismiss Le's fifth cause of action for punitive damages.

### v. Conclusion

I dismiss Le's claim for violations of the Nevada Unfair Claims Practices Act and his claim for breach of the covenant of good faith without prejudice. Because Le's claim for breach of fiduciary duty and punitive damages are not proper causes of action, I dismiss those claims with prejudice.

Rule 15 requires me to "freely give leave [to amend] when justice so requires."[30] The Ninth Circuit has long recognized that this policy is "to be applied with extreme liberality."[31] If Le is able to articulate factual allegations that properly support his claims for breach of the covenant of good faith and violation of the Nevada Unfair Claims Practices act, he has leave to amend his complaint.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Sentinel Insurance Company's partial motion to dismiss (Dkt. #4.) is GRANTED. The following claims are dismissed without prejudice: the second cause of action for violations of the Nevada Unfair Claims Practices Act and the third cause of action for bad faith. The following claims are dismissed with prejudice: the fourth cause of action for breach of fiduciary duty and the fifth cause of action for punitive damages.

IT IS FURTHER ORDERED plaintiff Ngan Le may amend his complaint within 30 days of entry of this Order, if sufficient facts exist to support his proposed claims.

DATED THIS 17th day of February, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[30] Fed. R. Civ. Proc. 15(a)(2); *Sonoma County Association of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

[31] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).